144 So.2d 223 (1962)
Hulon J. SAVOY and Eva E. Savoy
v.
Audrey COOLEY, Herbert Pace and Audubon Insurance Company.
No. 5619.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
Rehearing Denied September 25, 1962.
Certiorari Denied November 8, 1962.
Talley, Anthony, Hughes & Knight, by John W. Anthony, Bogalusa, Pittman & Matheny by Iddo Pittman, Jr., Hammond, for appellant.
Henry N. Richardson, Bogalusa, for appellee.
Before ELLIS, HERGET and MILLER, JJ.
HERGET, Judge.
Plaintiffs, appellees, Hulon J. Savoy and his wife Eva E. Savoy, brought suit against defendants, Audrey Cooley, Herbert Pace and Audubon Insurance Company, for the recovery of property damages and damages for personal injuries and medical expenses incurred thereby to Eva E. Savoy, allegedly sustained by Plaintiffs as a result of an automobile collision that occurred at approximately 7:15 a. m. on January 14, 1960 in the City of Bogalusa, Louisiana at the intersection of Avenue U and Fifth Street. The collision was between a 1959 Ford sedan owned by Plaintiffs and operated by Eva E. Savoy the sole occupant and a 1959 Chevrolet sedan owned by defendant, appellant, Herbert Pace, and operated by defendant Audrey Cooley the sole occupant. The suit is directed against both the owner and the operator of the Pace automobile as well as against defendant, appellant, Audubon Insurance Company as the alleged public liability and property damage insurance carrier of the Pace automobile.
The lower Court, following trial of the case, found the collision was due solely to the negligence of Audrey Cooley during the course of her employment as agent of the defendant Herbert Pace and, in addition, adjudicated that the liability policy issued by Audubon Insurance Company was in effect *224 on the date of the collision. Accordingly, judgment was rendered in favor of Hulon J. Savoy in the sum of $665 as payment of the damage caused to his automobile and medical expenses incurred on behalf of his wife; and in favor of Eva E. Savoy in the sum of $2,000 for her personal injuries, both sums awarded being against all of the Defendants, jointly and in solido. The judgment against Audrey Cooley was taken by confirmation of a default. However, from our examination of the record, a certified copy of the minutes of the court, offered in evidence, does not reveal the taking of a preliminary default against her; nevertheless, she having filed no pleadings in the suit, nor having taken an appeal, the validity of such judgment is not, therefore, before us for review. From the judgment Herbert Pace appealed devolutively and Audubon Insurance Company appealed suspensively to this Court.
The defendant, Pace, denied the agency of Audrey Cooley; affirmed the existence of the policy of insurance issued by Audubon Insurance Company to him; denied the negligence of Audrey Cooley and plead the contributory negligence of Eva E. Savoy. Audubon Insurance Company maintained that though it had issued a policy of liability insurance to Herbert Pace, the same had been canceled effective January 12, 1960 two days before the occurrence of the collision on January 14, 1960, and further denied the negligence of Audrey Cooley and plead the contributory negligence of Eva E. Savoy.
Defendant, Herbert Pace, for some eight years prior to the collision lived at 511 Third Avenue in Bogalusa where he owned and operated a bar on the premises. During the day he was employed by Crown Zellerbach Corporation, at which time the bar was operated by his employee, Audrey Cooley. On the morning of January 14, 1960 Audrey Cooley went to the establishment and not finding the key to the premises in its usual place took Pace's automobile for the purpose of going to Crown Zellerbach to obtain the key to the bar from him. At 7:15 a. m. while driving west on East Fifth Street as she attempted to cross the intersection of Avenue U the vehicle she was driving collided with that of Mrs. Savoy whose vehicle entered the intersection traveling in a southerly direction on Avenue U. The intersection where the collision took place was controlled by a semaphore signal but, though Plaintiff in her petition alleged that the light was green in her favor at the time she entered same, the evidence affirmatively shows at the early hour when this collision took place the semaphore signal controlling traffic at the intersection flashed a red light for traffic on East Fifth Street and a yellow caution light for traffic on Avenue U. Unquestionably, from the evidence Audrey Cooley at the time of the collision was acting within the scope of her employment and on a mission for her employer.
Testimony of the witnesses concerning the collision is vague, inconsistent and contradictory. According to the testimony of Mrs. Savoy, at the time of the collision she was returning to her home from her place of employment to obtain her reading glasses which she had left at her home. She related that she was driving some 23 or 25 miles per hour; that she slowed down at the intersection; that she observed the Pace vehicle approaching the intersection some 150 feet distant therefrom, whereupon she began to accelerate her car "* * * and when I did she was coming at a high rate of speed and I saw I was going to be hit. * * *" Mrs. Savoy further testified that her vehicle was struck on the left front fender and door by the Pace vehicle while she was stopped at approximately the center of the intersection.
Audrey Cooley testified she was driving 10 miles per hour and first observed the Savoy vehicle some 40 feet from the intersection; that she applied the brakes and stopped the car with the front end of her vehicle protruding into the intersection a few feet. The collision was caused, according to Audrey Cooley's version, by Mrs. Savoy veering her vehicle to her left and striking the Pace vehicle.
*225 An eye witness to the accident, John Steve Moore, who was driving immediately behind Mrs. Savoy prior to the collision and who was in the employ of the individual who repaired the Savoy vehicle, testified that Mrs. Savoy was driving at a speed of 25 miles per hour before entering the intersection; that she slowed down prior to entering same and then proceeded on and when she was one-third of the way into the intersecting streets she applied the brakes to her car and stopped, whereupon the Pace vehicle struck the Savoy vehicle on the left front fender.
Officer Alfred Knight of the Bogalusa Police Department who investigated the collision but did not see the happening, found the point of impact a foot from the middle-line in the road in lane for southbound travel, the left front of Mrs. Savoy's automobile and the right front fender of the Pace vehicle were damaged. Pace's vehicle traversed approximately 12 feet after the collision in a southwesterly direction and the Savoy car was "pulled a little to the west, southwest."
There was offered in evidence the right front fender of the Pace vehicle and it reveals that same is 58 inches long. At a point beginning 36 inches from the front of the fender and from that point extending toward the rear there is an indentation 17 inches long by a width of 6 inches. Below this point there is another indentation which serves to give mute evidence of the fact that the collision resulted from the Plaintiffs' vehicle running into the Pace vehicle for it would have been impossible to have caused the damages sustained to the Pace and Savoy vehicles in any other manner. Thus, the testimony of Mrs. Savoy to the effect that she had stopped her car and the Pace car had run into her car is, in our opinion, incorrect. Perhaps the inconsistencies in the versions given by each of the drivers in this collision is best exemplified by the testimony of Officer Louis Carrier, a member of the Police Department of the City of Bogalusa, who also made an investigation of the accident but did not actually see the collision and who related in response to a query as to any statement made by Mrs. Savoy at the time of his investigation, (he having previously been advised by Audrey Cooley that she had stopped prior to the collision) said: "She said something about that she had stopped and I just couldn't settle in my mind how they would have collided had they stopped. This other girl also stated that she stopped and then pulled out into the lane of traffic not seeing anyone coming."
The trial Court was of the opinion the accident resulted from the sole negligence of Audrey Cooley in failing to stop in the face of a red light and that Mrs. Savoy was guilty of no contributory negligence.
Though we held in O'Conner v. Continental Southern Lines, Inc., La.App., 124 So.2d 380 that traffic on a right of way street, uncontrolled by a semaphore signal, was entitled to enter an intersection relying upon the assumption that the party approaching on the inferior street will respect the superior right of way inasmuch as there was nothing in the speed or movement of the vehicle approaching on the inferior street to make the driver on the right of way street apprehensive or put him on guard, we believe where, as here, the intersection was controlled by a semaphore light which was flashing red for the inferior traffic and yellow for Plaintiff, that Plaintiff was thereby given warning that caution was required of her in entering the intersection and she had no right to believe that her entrance therein could be made in full disregard of traffic on the inferior street. A motorist confronted with a caution light is not in the same position as one confronted with a green semaphore light which has been held to be an invitation to proceed through the intersection; on the other hand, the presence of the caution light serves to give warning to the motorist that he is required to proceed through the intersection with caution. Thus a yellow light is a restriction on his movement through the intersection rather than an invitation to *226 proceed oblivious of other traffic. Though the driver on the favored street when confronted with the yellow light may ordinarily rely on the motorist approaching the intersection on the inferior street stopping as required by the red light confronting him, if the evidence reflects such a motorist will not stop then the duty rests upon the driver on the favored street to avoid the accident if he can. The amber light serves as a warning to proceed with care and a motorist is guilty of negligence if he fails to take measures to avoid obvious danger. From the evidence in this case, despite the fact that Mrs. Savoy observed the approaching motorist, the Pace vehicle, rather than comply with the admonition given to her by the presence of the amber light and exercising caution, her action consisted in accelerating her vehicle and colliding with the Pace vehicle when she could have avoided the accident simply by stopping her car.
In the case of Savoy v. G. F. Poole Mortuary, La.App., 60 So.2d 108, this Court refused to give credence to the testimony of Plaintiff, Mrs. Eva Savoy.
Accordingly, we are of the opinion that Audrey Cooley was guilty of negligence in failing to stop for the flashing red light and Mrs. Savoy was guilty of contributory negligence in proceeding into the intersection despite the flashing amber light warning and despite her observation of the approaching Pace vehicle at a time when, through the exercise of reasonable care, the collision could have been avoided simply by her stopping her car.
In view of our conclusion that both operators of the vehicles involved in this accident were guilty of negligence, it becomes unnecessary to pass upon the question of the cancellation of the policy of insurance issued by Audubon Insurance Company to Herbert Pace.
For these reasons the judgments in favor of Plaintiffs and against Herbert Pace and Audubon Insurance Company are reversed at appellees' costs.