ELLIS, Judge.
This case arises out of an intersectional collision, which happened on the night of March 14, 1965, between a motorcycle operated by plaintiff’s minor son, Dwight Peder-son, and defendant’s automobile. Plaintiff sued for property damages and for personal injuries on behalf of his son, and defendant answered denying liability and reconvening for the damage to his automobile. From a judgment dismissing both the main and re-conventional demands plaintiff appealed, and defendant answered the appeal re-urging his reconventional demand.
The collision occurred at the intersection of U. S. Highway 190 and State Highway 1077 at Goodbee, Louisiana. The intersection is controlled by a stop sign and a flashing red light facing Highway 1077, and a flashing yellow light facing traffic on Highway 190.
According to defendant’s testimony, he came to the intersection, brought his vehicle *317 to a stop, and, observing no traffic approaching, proceeded out into Highway 190. Dwight Pederson testified that he was approaching the intersection on his motorcycle at a speed of 50-55 miles per hour, and that he observed the yellow light. He further testified that he first saw defendant’s vehicle when it was approaching the intersection. Although his testimony is inconsistent, we find that he did not slow his motorcycle until it was apparent that defendant was not going to stop, at which time he started to decelerate. However, he testified, he was then unable to avoid the accident.
Defendant’s negligence is clear. He failed to see plaintiff’s son approaching on the motorcycle and did not yield him the right of way.
The duty of one approaching a flashing yellow light is set forth in R.S. 32:234, which provides that drivers of vehicles may proceed through or past such a signal only with caution. One proceeding on a favored highway, when faced with a flashing yellow light, is held to a higher degree of care than one on an uncontrolled, favored highway approaching an intersection at which crossing traffic is controlled by a stop signal. He may not proceed into such an intersection unless he has first ascertained that it is safe for him to do so, and must approach the intersection in such a manner as to have his vehicle under appropriate control at all times. Granata v. Simpson, 181 So.2d 791 (La.App. 1 Cir. 1965); State Farm Mutual Automobile Insurance Company v. Merritt, 185 So.2d 832 (La.App. 3 Cir.1966).
Plaintiff’s son did not fulfill the duty required of him by the above statute. Although he was aware that another vehicle was approaching the intersection, and that the intersection was controlled by a flashing yellow light facing in his direction, he took no precautionary measures whatsoever. It is doubtful that he was keeping a proper lookout, since he failed to observe defendant’s vehicle stop before entering the intersection. It is apparent that he assumed that defendant’s vehicle was not going to enter the intersection, and took no evasive action whatsoever until it was too late to avoid the accident.
The judgment of the trial court is therefore affirmed, with costs of this appeal to be paid by plaintiff.
Judgment affirmed.