273 So.2d 896 (1973)
John C. VALENTI et al.
v.
Joseph L. ONELLION et al.
No. 9255.
Court of Appeal of Louisiana, First Circuit.
February 20, 1973.
Rehearing Denied March 19, 1973.
Writ Denied May 17, 1973.
*897 Alex W. Wall (Dodd, Hirsch, Barker, Avant & Wall), Baton Rouge, for appellants.
Iddo Pittman (Pittman & Matheny), Hammond, for appellees.
Before LOTTINGER, ELLIS and CRAIN, JJ.
ELLIS, Judge:
This suit arises out of a collision which took place on January 24, 1970, at the intersection of U. S. Highway 51 and La. State Highway 1064 in Natalbany, Louisiana. Plaintiff is John C. Valenti, and defendants are Joseph Onellion and State Farm Mutual Automobile Insurance Company, his liability insurer. After trial on the merits, judgment was rendered in favor of defendants and against plaintiff, and plaintiff has appealed.
Traffic on Highway 51 is controlled by a flashing yellow light, and traffic on Highway 1064 is controlled by a flashing red light and a stop sign. Both highways have two lanes, and are surfaced with asphalt or black top. Highway 51 runs North and South, and Highway 1064 runs East and West. In the immediate vicinity of the intersection, the speed limit is 45 miles per hour.
Plaintiff John C. Valenti was driving South on Highway 51. He testified that, as he approached the intersection, he slowed his speed to 35 or 40 miles per hour. He first saw the Onellion pick-up truck as it approached the edge of Highway 51, moving very slowly. He could not have seen it sooner because of shrubbery growing in the northwest quadrant of the intersection. He stated that the truck was moving so slowly that he thought it was going to stop. When it did not do so, he applied his brakes and pulled to his left, but was unable to avoid the collision, which took place in the northbound lane of Highway 51. Plaintiff testified that the truck pulled out when he was only 50 or 60 feet from the intersection. Plaintiff's vehicle left 40 feet of skid marks. Plaintiff testified that his front end struck and damaged the pick-up truck from the rear of the cab to the left rear wheel. Plaintiff's testimony was substantiated by that of his guest passenger.
Defendant testified that he came to a "rolling stop" at the edge of Highway 51, and, seeing nothing coming, proceeded out into the intersection. He testified that he was moving very slowly, and that he never did see plaintiff's automobile. He testified that he was almost across the highway when he was struck.
*898 There can be no question as to defendant's negligence, since he failed to stop for the flashing red light and stop sign, failed to see what he should have seen, and failed to yield the right of way. This negligence is a proximate cause of the accident. However, defendant has pleaded the contributory negligence of plaintiff.
Defendant introduced into evidence a picture of a pick-up truck which showed damage only to extreme left rear thereof. He argues that, considering the relative speeds of the two vehicles, five miles per hour and 35 to 40 miles per hour, and the distance the defendant's truck had to move across the road to be damaged on its extreme rear end, plaintiff must have been over 200 feet from the intersection when defendant's truck entered it. This contention is not borne out by the evidence.
The photograph was never identified by anyone as representing defendant's truck or the damage thereto. It is therefore of no probative value. Defendant never did see plaintiff, and therefore, could not testify as to how the accident happened. The only testimony as to the facts of the case is that of plaintiff and his guest passenger, which is detailed above. This testimony is to the effect that the accident was unavoidable by plaintiff when it became evident that defendant was not going to stop.
The duty of a motorist faced with the flashing yellow light is fixed by R.S. 32:234(A)(2), which provides:
"(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL)When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution."
The courts have interpreted the foregoing to mean that a driver faced with a flashing yellow light should not enter the intersection until he has ascertained that it is reasonably safe to do so. The courts have also held that when it is reasonable to assume that vehicles approaching on the intersecting street, controlled by a red flashing light, are going to stop, it is not negligent conduct to proceed on that assumption. See Lockhart v. McInnis-Peterson Chevrolet, Inc., 205 So.2d 744 (La.App. 1 Cir. 1967), for a review of the jurisprudence. Each case must turn on its own facts.
We think in this case that it was reasonable to assume that the slow moving vehicle approaching an intersection controlled by a flashing red light and a stop sign would obey those signals and yield the right of way. Plaintiff had already brought his speed to a level below the speed limit, and was keeping a proper lookout, since he saw defendant's truck as soon as the shrubbery permitted. We find that when defendant entered the intersection, it was too late for plaintiff to avoid the accident. We therefore hold that defendant's negligence was the sole proximate cause of the accident.
The record reveals that plaintiff was injured on January 24, 1970. He suffered an acute sprain of the cervical and lumbar regions of his spine, and a sprain of his left thumb. He was treated until April 3, 1970, when he was discharged by his treating physician, who reported that plaintiff was totally disabled between those dates. The injuries do not appear to have been extremely severe or painful, and we think an award of $1,500.00 will compensate him for same.
Plaintiff proved medical expenses of $347.00 and loss of wages at $222.00 per week from January 24 through April 3, 1970, a period of ten weeks, or a total of $2,220.00. Plaintiff introduced a repair estimate for the damages to his automobile showing a total of $505.89. He repaired the vehicle himself, however, spending almost $300.00 for parts alone. He estimated the value of his labor at more than the cost of the parts. We think an award of $505.89 for this item is fair.
*899 The judgment appealed from is reversed, and there will be judgment in favor of plaintiff, John C. Valenti, and against defendants, Joseph L. Onellion and State Farm Mutual Automobile Insurance Company, in solido, in the full sum of $4,572.89, with legal interest from date of judicial demand until paid, and for all costs of these proceedings.
Reversed and rendered.