286 So.2d 420 (1973)
INSURED LLOYDS
v.
LIBERTY MUTUAL INSURANCE CO. and Delmiro S. Bueno.
No. 9532.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
*421 Robert J. Vandaworker, Baton Rouge, for appellant.
Richard B. Nevils, Baton Route, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Defendants, Liberty Mutual Insurance Co. and its insured, Delmiro S. Bueno (Appellants), appeal a judgment awarding plaintiff, Larry J. Leonard and his insurer-subrogee (Lloyds), an aggregate of $140.30 for damages to Leonard's automobile. The accident which caused the loss occurred at an intersection controlled by a yellow blinking light. We affirm the judgment of the trial court which held that Leonard exercised that degree of care required of a motorist proceeding upon a yellow blinking traffic signal.
The accident occurred at approximately 11:55 P.M., May 9, 1971, at the intersection of North 22nd Street and North Boulevard, in the City of Baton Rouge, Louisiana. North 22nd Street is a paved, four-lane, north-south roadway with a posted speed limit of forty miles per hour. North Boulevard, an east-west thoroughfare, is also paved and four-laned. The intersection is somewhat unusual in that there is an additional or left turn lane for south bound traffic on North 22nd Street and east bound vehicles on North Boulevard, but no left turn lane for vehicles proceeding north on North 22nd Street or west on North Boulevard. The intersection is controlled by an electrically operated signal light which flashes a yellow or caution signal to vehicles proceeding upon North 22nd Street and a red or stop signal to motorist traveling along North Boulevard. Both streets are approximately 48 feet in width. The corner is characterized as a major intersection in the city. Trees and other growth in a cemetery situated in the southeast quadrant of the intersection impede the ability of a motorist northbound on North 22nd Street to see approaching eastbound traffic on North Boulevard.
*422 Plaintiff Leonard testified he was proceeding northerly in the inside lane of North 22nd Street at a speed of approximately 30 miles per hour. As he approached the intersection, he slowed his speed and looked to his right. Because of the obstruction of his view to the east, he was unable to see defendant's vehicle until it entered the intersection proceeding westerly in the inside lane of travel. Plaintiff immediately applied his brakes, but the left front portion of plaintiff's car struck the left rear of defendant's vehicle in the vicinity of the rear bumper.
The accident was investigated by Officer J. T. Gardner of the City Police Force. His investigation revealed that plaintiff was proceeding northerly in the inside lane of North 22nd Street, and that defendant was proceeding westerly in the inside lane of North Boulevard. Officer Gardner also found that the collision occurred virtually in the center of the intersection. He measured 31 feet of skid marks left by plaintiff's vehicle immediately preceding the point of impact. He noted that the skid marks indicated that plaintiff's vehicle veered to the right when the brakes were applied. Based upon his observations, especially the light damage to plaintiff's vehicle, he concluded that plaintiff was proceeding at a reasonable and lawful rate of speed.
LSA-R.S. 32:234, Subd. A requires that a driver approaching an intersection controlled by a flashing red signal shall stop before entering the intersection, and that the rules applicable to a stop sign shall govern such a motorist's right to proceed into the crossing. The same statute further provides that a driver faced with a yellow flashing signal may proceed through the intersection but "only with caution".
The cited statute has been repeatedly interpreted to mean that an intersection controlled by a blinking red and yellow traffic signal is a controlled intersection for motorists approaching on the favored as well as the unfavored roadway. See, for example, Lockhart v. McInnis-Peterson Chevrolet, Inc., La.App., 205 So.2d 744. In Granata v. Simpson, La.App., 181 So.2d 791, we held in effect that the applicable statute codifies the rule previously announced in Savoy v. Cooley, La.App., 144 So.2d 223, as follows:
"Though the driver on the favored street when confronted with the yellow light may ordinarily rely on the motorist approaching the intersection on the inferior street stopping as required by the red light confronting him, if the evidence reflects such a motorist will not stop then the duty rests upon the driver on the favored street to avoid the accident if he can. The amber light serves as a warning to proceed with care and a motorist is guilty of negligence if he fails to take measures to avoid obvious danger."
The jurisprudence also establishes that a motorist confronted with a flashing yellow signal must exercise caution and vigilance and must ascertain that the crossing can be safely negotiated. The degree of caution required in such instances includes approaching the intersection at a reasonable speed and maintaining a proper lookout for danger. Ardoin v. Crown Zellerbach Corporation, La.App., 232 So.2d 136. What constitutes reasonable speed and proper lookout must, of course, be determined in the light of the circumstances of each individual case.
We find that plaintiff Leonard exercised the degree of care required by law. He approached the intersection at a speed at least ten miles per hour below the posted limit. In addition, he slowed down before entering the intersection. The degree of damage to Leonard's vehicle is further proof of his reasonable speed. It also appears he was keeping a proper lookout for danger. He saw defendant's approaching vehicle at the earliest possible moment under the circumstances, namely, when it emerged from behind the obstruction which *423 impeded plaintiff's vision. Plaintiff's reaction to the emergency created by defendant was instantaneous and compatible with that expected of a reasonably prudent driver. Plaintiff applied his brakes forcefully. The further conclusion is justified that plaintiff also veered to his right in an added attempt to avoid a collision. We find plaintiff completely free of negligence constituting a proximate cause of the accident.
The judgment of the trial court is affirmed at Appellants' cost.
Affirmed.