339 So.2d 1322 (1976)
GREAT AMERICAN INSURANCE COMPANY and Ruth E. Fisher, Plaintiffs-Appellees,
v.
W. O. TURNAGE, Individually and on behalf of his minor daughter Theresa Turnage, et al., Defendants-Appellants.
No. 10984.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
Edward L. Levert, Jr., Robert J. Young, Jr., New Orleans, for plaintiffs-appellees.
John W. Anthony, and R. Bradley Lewis, Bogalusa, for defendants-appellants.
*1323 Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of a judgment of the District Court awarding Ruth E. Fisher and Great American Insurance Company, plaintiffs-appellees, $914.33 for damage to Ruth Fisher's automobile and against W. O. Turnage, individually and on behalf of his minor daughter, Theresa Turnage, Bryce Kennedy, Heritage Insurance Company of North America and Commercial Union Insurance Company, defendants-appellants.
At approximately 10:30 P.M. on October 6, 1973, an automobile accident occurred in Franklinton, Louisiana, at the intersection of Main Street and Washington Avenue between an automobile owned and driven by Ruth Fisher and an automobile owned by Bryce Kennedy and driven by Theresa Turnage, a minor at the time. The intersection was at that time controlled by a flashing signal, yellow on Washington Avenue and red on Main Street.
The accident occurred when Ruth Fisher's automobile, which was traveling east on Washington Avenue, was struck on the right front fender and door by Bryce Kennedy's automobile, which was being driven north on Main Street by Theresa Turnage. The cost of repairing the damage to Ruth Fisher's automobile caused by the collision was $914.33. Ruth Fisher's insurer, Great American Insurance Company, paid the cost of the repairs, less a $100.00 deductible paid by Ruth Fisher.
The appellees brought this suit to recover the repair cost, alleging that the sole and proximate cause of the damage was the negligence of Theresa Turnage. The appellants answered denying liability and alleging that the sole and proximate cause of the accident was the negligence of Ruth Fisher or, that in the alternative, Ruth Fisher's negligence was a contributing cause of the accident.
After a trial on the merits, the District Court rendered judgment in favor of the appellees.
From this judgment the appellants bring this appeal contending that the Trial Judge erred:
1. In holding that Theresa Turnage was negligent, and;
2. In holding that Ruth Fisher was not guilty of contributory negligence.
Article 2315 of the Civil Code which establishes liability for acts causing damage provides in part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. . . ."
Two of the factors necessary for liability under the article are that the act cause the damage and that the actor be at fault. It is obvious that Theresa Turnage's act, hitting the side of Ruth Fisher's automobile, was a cause of the accident and of the resulting damage. The evidence also establishes "fault" on the part of Theresa Turnage.
La.R.S. 32:234(A)(1) provides:
"(1) FLASHING RED (STOP SIGNAL) When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest cross-walk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign."
A flashing red light is tantamount to a stop sign insofar as the duty of the motorist approaching it is concerned. State Farm Mutual Automobile Ins. Co. v. Merritt, 185 So.2d 832 (La.App., 3rd Cir. 1966). A person approaching a stop sign is under a duty to stop and not proceed until he is certain it is safe, especially where the intersection controlled is a blind one. Continental Insurance Company v. Duthu, La.App., 235 So.2d 182 (4th Cir. 1970).
Theresa Turnage testified that she stopped at the intersection, that her vision to the left was blocked by a building and that she could not see into the intersection when she pulled out. She further testified that had she stopped closer to the intersection, she would probably have been able to *1324 see to the left. There is other testimony in the record to support this conclusion.
This evidence supports the finding that Theresa Turnage was at fault, and that her fault was the cause of the accident.
La.R.S. 32:234(A)(2) provides:
"(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL)When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution."
A motorist who approaches an intersection controlled by a flashing yellow light is under a duty to exercise a greater degree of care and vigilance than one approaching a green light or an uncontrolled crossing. Pederson v. Schenck, La.App., 204 So.2d 316 (1st Cir. 1967). The degree of caution required of a person approaching a flashing yellow light includes approaching at a reasonable speed and maintaining a proper lookout for danger. What constitutes a reasonable speed and a proper lookout depends on the facts of each case. Rogers v. Tiger, La.App., 305 So.2d 147 (1st Cir. 1974); Insured Lloyds v. Liberty Mutual Insurance Co., La.App., 286 So.2d 420 (1st Cir. 1973). While a driver approaching a flashing yellow light may ordinarily rely on the fact that a driver approaching a flashing red light will stop before entering the intersection as required by law, the driver approaching the yellow light is under a duty to exercise caution and vigilance as he enters the intersection so that he may ascertain whether he can cross with safety. State Farm Mutual Automobile Ins. Co. v. Merritt, supra; Savoy v. Cooley, 144 So.2d 223 (La.App., 1st Cir. 1962).
Ruth Fisher testified she was familiar with the intersection, slowed as she approached it, and went through it at approximately 20 miles per hour while watching for other cars.
Where there is evidence before the trier of fact which furnishes a reasonable factual basis for the Trial Court's conclusions, the Appellate Court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, La., 283 So.2d 716 (1973). There is testimony in the record supporting a conclusion by the Trial Judge that there was no negligence on the part of Ruth Fisher which contributed to the accident.
For the above and foregoing reasons, the judgment appealed from is affirmed at appellants' cost.
AFFIRMED.