SARTAIN, Judge.
This case and a companion one, Hutchinson v. State Farm Insurance Companies,[1] (sic) et al. (our No. 11,424) La.App., 349 So.2d 953, result from an intersectional collision. We shall relate all of the facts and issues of law in the above captioned cause but shall enter a separate judgment in the Hutchinson suit.
The accident occurred at approximately 11:30 A.M. in the intersection of Louisiana Highways 22, 42, and 1037 in the Town of Springfield, Livingston Parish, Louisiana. The weather was clear and the roadways dry.
At the intersection, Louisiana Highway 42 runs generally in an east-west direction. Louisiana Highway 22 approaches the intersection from the north and then turns east. From the intersection east, Louisiana 22 and 42 are one and the same. Louisiana Highway 1037 approaches the intersection from the south and terminates there. For all practical purposes it is a typical four-cornered intersection except for a right turn lane at its northwest corner. Southbound traffic on Louisiana Highway 22 is controlled by a flashing red light and a stop sign. Eastbound traffic on Louisiana 42 is controlled by a flashing yellow light.
*951 Mrs. Helen McMillan, who was confronted with the flashing yellow light was driving her car in an easterly direction on Louisiana Highway 42. Mrs. Linda T. Oliphant, who was confronted with a flashing red light and a stop sign, was driving her car in a southerly direction on Louisiana Highway 22. The Oliphant vehicle struck the McMillan vehicle on the latter’s left side knocking it into a third car owned by Thomas Hutchinson. The Hutchinson vehicle was parked just off the highway in front of a business establishment located at the southeast corner of the intersection.
The above cause (# 11,423) was instituted by Mrs. McMillan against her own insurer, State Farm, under the uninsured motorist provisions of her policy, and Mrs. Linda T. Oliphant. The companion suit (# 11,-424) was instituted by Thomas Hutchinson. Named as defendants therein were Mrs. Oliphant, Mrs. McMillan and State Farm.
The trial judge held that the accident was caused solely through the negligence of Mrs. Oliphant and rendered judgment in Suit No. 11,423 in favor of Mrs. McMillan and against Mrs. Oliphant and State Farm, in solido, in the sum of $4,594.39. State Farm has appealed and urges the defense of contributory negligence on the part of Mrs. McMillan and, in the alternative, a reduction in her award.
In the Hutchinson suit (# 11,424), plaintiff obtained judgment against Mrs. Oli-phant only in the amount of $2,030.00. Hutchinson has appealed urging that the trial judge erred in failing to find liability on the part of Mrs. McMillan.
For reasons hereinafter shown, we find that the judge a quo committed manifest error in failing to conclude that the actions of Mrs. McMillan were a cause in fact of the accident.
All parties concede that Mrs. Oliphant was negligent in failing to heed the flashing red light and the stop sign. She has not appealed and both judgments against her are final. Insofar as liability is concerned the sole issue presented in these two actions is the alleged negligence of Mrs. McMillan, the driver confronted with the flashing yellow light.
We find no dispute as to the facts. The controversy arises as to the application of the law to the facts.
Mrs. McMillan testified that as she entered the Town of Springfield she was traveling thirty-five miles per hour. When she passed a school zone she reduced her speed to twenty-five miles per hour. As she neared the intersection she “glanced” to her left and observed the Oliphant vehicle, which “appeared to be slowing down.” She then looked to her right and proceeded on. The first knowledge she had of an impending accident was when her sister shouted “She is not going to stop.” She immediately looked back to her left and saw the Oliphant automobile coming through the intersection at a faster rate of speed than she had first observed. The resulting collision was almost instantaneous. She stated that she was familiar with the intersection and the above noted traffic control devices.
Mrs. Syble Sturdivant was riding in the front seat of Mrs. McMillan’s automobile. She deposed that as they neared the intersection she observed the approach of the Oliphant vehicle at about the same time as did her sister, Mrs. McMillan. “It looked like the car was going to stop, it wasn’t going fast . . . So we were just driving along, and then all of a sudden it — she (Mrs. Oliphant) just speeded up.” She placed Mrs. McMillan’s speed at the time at thirty miles per hour.
Mrs. Oliphant testified that as she approached the intersection she was traveling approximately twenty-five miles per hour and that when she attempted to stop her vehicle in obedience to the flashing red light and stop sign, her brakes failed to hold. She denied accelerating her vehicle.
Neither vehicle left any skidmarks. The McMillan automobile was struck near the rear of its left door.
Counsel for Mrs. McMillan strenuously urges that as a matter of law she had the legal right to assume that the Oliphant vehicle would, in fact, obey the flashing red light and the stop sign and was therefore *952 free to enter the intersection under the circumstances. This assumption is only partially correct.
R.S. 32:234 A(2) provides that a motorist “. . . may proceed through or pass such signal (flashing yellow) only with caution.” (Parenthesis and emphasis ours).
In Lockhart v. McInnis-Peterson Chevrolet, Inc., 205 So.2d 744 (La.App. 1st Cir. 1968), writ refused March 8, 1968,[2] this court reviewed rather extensively the above statute and the prior jurisprudence interpreting the same. One important factor was emphasized, namely, a motorist confronted with a blinking yellow light is not in the same position as a motorist favored with a green semaphore light or one where opposing traffic is burdened with a stop sign. A yellow flashing light is a restriction on the motorist’s movement through the intersection. Savoy v. Cooley, 144 So.2d 223 (La.App. 1st Cir. 1962), certiorari denied, November 8, 1962. The degree of caution required is not only that the intersection be approached at a reasonable speed, but also that a proper lookout be maintained for danger. Great American Insurance Company v. Turnage, 339 So.2d 1322 (La.App. 1st Cir. 1976). A special duty is imposed on the motorist on a favored street calling his attention to a dangerous intersection and to be vigilant and cautious so that he may ascertain that the approaching motorist will heed the traffic signal and yield the right of way. Liberty Mutual Insurance Company v. Wilson, 282 So.2d 745 (La.App. 1st Cir. 1973), writ refused 286 So.2d 362 (La.1973). See also, Neal v. Weaver, 220 So.2d 751 (La.App. 1st Cir. 1969), writ refused 254 La. 290, 223 So.2d 411 (1969).
What constitutes a reasonable speed and a proper lookout depends on the facts of each case. Thirty-five to forty miles per hour on a highway where an approaching vehicle had come to a rolling stop were facts considered in determining that a motorist favored with a flashing yellow light had satisfied the requirements of reasonable speed and proper lookout. Valenti v. Onellion, 273 So.2d 896 (La.App. 1st Cir. 1973), writ denied 277 So.2d 446 (La.1973).
In the instant case additional undisputed facts reveal that both Mrs. McMillan and Mrs. Oliphant entered the intersection at about the same speed, twenty-five miles per hour. Whereas Mrs. Oliphant may have reduced her speed somewhat before entering the intersection, it was not a significant change. She merely permitted her vehicle to decelerate without mechanical assistance. Mrs. McMillan looked at the Oliphant vehicle only one time and then paid it no further attention.
Mrs. McMillan believed and emphatically testified that since she was driving within the speed limit and the Oliphant vehicle had to stop in obedience to the flashing red light and stop sign, that she (Mrs. McMillan) had exercised proper care under the circumstances. We find that one glance and twenty-five miles per hour did not satisfy the requirements of the statute and its mandate to “proceed with caution.”
Accordingly, for the above reasons, the judgment of the district court is reversed and set aside insofar as it cast State Farm Mutual Automobile Insurance Company as the uninsured motorist insurer of Mrs. McMillan. In all other respects the judgment is affirmed. The costs in these consolidated cases are assessed one-third to Mrs. McMillan, individually, and two-thirds against Mrs. Linda T. Oliphant and State Farm Mutual Automobile Insurance Company, in solido.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.

. The correct name of the defendant is State Farm Mutual Automobile Insurance Company.

. 251 La. 939, 207 So.2d 541.