356 So.2d 1368 (1978)
Helen McMILLAN
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
Thomas HUTCHINSON
v.
STATE FARM INSURANCE COMPANY.
Nos. 60689 and 60723.
Supreme Court of Louisiana.
March 6, 1978.
*1369 Morrison & Higgins, Timothy R. Higgins, Hammond, for plaintiff-applicant in No. 60,723 and for plaintiff-respondent in No. 60,689.
J. Arthur Smith, III, Baton Rouge, for plaintiff-respondent in Nos. 60,689 and 60,723.
Anthony J. Clesi, Jr., Lane & Clesi, Baton Rouge, for defendants-applicants in No. 60,689 and for defendant-respondent in No. 60,723.
SANDERS, Chief Justice.
These suits resulted from an automobile accident which occurred at an intersection in Springfield, Louisiana. Plaintiff, McMillan, brought suit against her own insurer, State Farm Mutual Insurance Company, under the uninsured motorist provisions of her policy. Hutchinson's parked vehicle was struck by the McMillan vehicle as a result of the impact of the collision with the Oliphant vehicle. Hutchinson brought suit for damages against Mrs. Oliphant, Mrs. McMillan, and her liability insurer, State Farm. In separate judgments, the district court found in favor of McMillan, against State Farm, and awarded Hutchinson damages but only against Oliphant.
State Farm appealed, urging the defense of contributory negligence on McMillan's part and, alternatively, a reduction in the award to her. Hutchinson appealed, alleging that the trial judge erred in failing to find liability on Mrs. McMillan's part.
In separate judgments, which partially reversed the district court, the Court of Appeal: (1) found McMillan guilty of contributory negligence; (2) set aside the lower court's judgment insofar as it cast State Farm as the uninsured motorist insurer of McMillan; and (3) awarded Hutchinson damages against Oliphant, McMillan, and State Farm, in solido. 349 So.2d 949; 349 So.2d 953 (1977).
We granted writs in order to review the liability of the parties. La., 350 So.2d 1216 (1977).
Louisiana Revised Statute 32:234A(2), which controls the situation before us, provides:
"A. Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal, it shall require obedience by vehicular traffic as follows:
"* * *
"(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL)When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution.

"* * *"
In the present case, the trial court found McMillan free from negligence for the following reasons:
"There is no question of the negligence of the driver of the Oliphant vehicle, which ran the stop sign and the flashing red light. Her statement that her brakes failed is completely unsubstantiated. The real issue is whether Mrs. McMillan, who was proceeding through the flashing yellow light, was also negligentthereby making her jointly liable with Mrs. Oliphant for the injuries suffered by the plaintiff, Thomas Hutchinson, who was sitting in a parked car, as well as barring her from recovery under her uninsured motorist claim.
"It is the opinion of this Court that Mrs. McMillan was not negligentthat this case is factually distinguishable from the line of cases holding the motorist approaching a flashing yellow light to be negligent. Mrs. McMillan approached the intersection with caution at a slow speed. Both she and her sister, Mrs. [Sturdivant] observed the approaching Oliphant vehicle from some distance, and it appeared to be slowing for the stop sign and the flashing red light as it should have, and presented no danger. It was only after the McMillan vehicle entered the intersection that it suddenly became noticeable *1370 that the Oliphant vehicle was not stoppingbut even appeared to be accelerating as if the driver had hit the accelerator instead of the brake. That the McMillan vehicle had preempted the intersection is clear from the testimony and it is substantiated by the photographs showing the point of impact to the rear of the left door in the left quarter panel of the McMillan car." [R. pp. 44-45.]
The Court of Appeal found Mrs. McMillan's undisputed deceleration before entering the intersection after observing the approach of the Oliphant car and erroneously concluding that it would stop in compliance with the flashing red light and stop sign did not constitute the "caution" required by LSA-R.S. 32:234A(2). We think that the conclusion is in error. In our opinion, her conduct satisfies the requirement of the statute. See Haire v. Allstate Insurance Company, La.App., 224 So.2d 531 (1969). Hence, we approve the holding of the trial judge.
The Court of Appeal did not reach the issue of quantum. The damage award appears to be in controversy. Hence, in accordance with our usual practice, we will remand the case to the Court of Appeal to pass on that issue.
For the reasons assigned, the judgments of the Court of Appeal are reversed, and the judgments of the district court as to liability are reinstated and made the judgment of this Court. The case is remanded to the Court of Appeal to review the damage award in favor of Helen McMillan.