BAILES, Judge.
This appeal is from the trial court judgment in favor of the parents of Helga M. McGowan who was killed in a two vehicle intersectional collision in Baton Rouge on July 25, 1976. Also killed in the accident was James T. Eldred, Miss McGowan’s host driver. The appellants are the driver of the other involved vehicle, and his insurer, American International Insurance Company.
The trial judge assigned written reasons for judgment which we approvingly quote in full:
“An early morning intersectional collision which occurred July 25, 1976, wherein two persons were killed, has precipitated this suit by the parents of one of the deceased seeking recovery of damages, both under a survival and death action, for the loss of their daughter, Helga M. McGowan. Named as defendants are American Fidelity Fire Insurance Company, the insurer of the vehicle owned by James W. Eldred and also of James T. Eldred, the driver of the vehicle in which Helga M. McGowan was a passenger, Wilfred T. Guerin, driver of the other automobile involved in the collision, his insurer, American International Insurance Company, and Zurich Insurance Company, who was the uninsured motorist insurer of Helga M. McGowan. Each of the defendants has denied liability * * *.
“Since Helga M. McGowan was a passenger in Eldred’s automobile, it is only necessary to establish her innocence as to involvement and prove that circumstances of the accident compel a finding that either one or both drivers must have been at fault. Eason v. Hartford Accident & Indemnity Co., 327 So.2d 187 (La.App. 2nd Cir. 1976). It then becomes incumbent upon the other drivers to exculpate each of themselves, respectively, not by mere denial of negligence, but by asserting facts and circumstances of affirmative force. Eason, supra. There was no evidence submitted which indicated that Helga M. McGowan contributed to or was a cause of the accident or assumed any risk or harm which may have been shown by the circumstances. Accordingly, it is necessary that the defendants affirmatively present evidence showing that their respective drivers were free of *662 negligence or did not contribute to a cause of the accident.
“Stipulation of counsel and evidence introduced on the trial of the matter show that prior to the accident Wilfred T. Guerin was driving his 1972 Chevrolet. Van in a northerly direction in the outside lane of Plank Road and was involved in an accident with James T. Eldred who was proceeding east on Evangeline Street. This intersection is controlled by an electric semaphore signal which reflects a flashing red signal for traffic on Evangeline Street and a flashing yellow signal for traffic on Plank Road. The evidence indicates that the signal was functioning properly at the time of the accident.
“With both occupants of the Eldred automobile deceased, the only remaining eyewitnesses were the defendant, Wilfred T. Gue-rin and Clifford Burleigh, Jr., who was following a short distance behind Guerin. Guerin testified that he was driving north in the outside lane of Plank Road at between 35 and 40 miles per hour. He said that he noted the flashing yellow light at the intersection of Plank and Evangeline and that approximately four ‘van’ lengths from the intersection he took his foot off the accelerator and tapped his brakes. He said he continued on at the same reduced speed at which time he saw a blur and the other car suddenly appeared two feet in front of him. Guerin recalled that he struck the Eldred automobile broadside with the front of his vehicle.
“Burleigh was called by Guerin and his insurer as a defense witness. He testified that he was 3 or 4 car lengths behind Gue-rin and was proceeding about the same speed as Guerin. He said Guerin slowed down as he approached the intersection to the extent that it was his impression that Guerin may turn. Right before the intersection, Burleigh said that he observed a ‘flash’ which was the automobile operated by Eldred. While he characterized it as a ‘flash’, he subsequently declared that the Eldred car was not going fast. Burleigh stated that Guerin was right at the intersection when the other vehicle came across.
“Under LSA-R.S. 32:234, subd. A(l), a flashing red light is tantamount to a stop sign insofar as the duty of the motorist approaching it is concerned, and he is under a duty to stop and not proceed until he is certain it is safe, Great American Ins. Co. v. Turnage, 339 So.2d 1322 (La.App. 1st Cir. 1976). On the other hand, under LSA-R.S. 32:234, subd. A(2), a motorist who approaches an intersection controlled by a flashing yellow light is under a duty to exercise a greater degree of care and vigilance than one approaching a green light or uncontrolled intersection; and the degree of caution required includes approaching at a reasonable speed and maintaining a proper lookout for danger. Great American Ins. Co. v. Turnage, supra.
“Gauged against the above standards, the Court finds that there is no doubt that Eldred failed to obey the requirements of the statute and his negligence was a cause in fact of the accident. In assessing the prospective liability of Guerin, a far more difficult determination is involved. The corroborated testimony of Guerin indicates that he slowed down as he approached the intersection; however, he acknowledged under cross examination that he did not see the Eldred automobile until it was ‘two feet before me.’ The physical characteristics of the intersection reveal that it is very wide (68 feet) and the motorist proceeding north on Plank Road has an unimpeded view of approaching eastbound traffic on Evangeline Street a distance of nearly 160 feet from the outside lane. Therefore, it appears that if Guerin had been maintaining a proper look out he should have seen El-dred’s approaching vehicle much sooner than he did. Burleigh, who was following Guerin — while describing it as a ‘flash’— testified that he saw Eldred’s automobile as it entered the intersection. However, there is some question whether Guerin could have avoided the collision even if he had detected it at the time it was entering the intersection.
“In the final analysis, the Court believes that Guerin did not maintain a proper lookout which failure, more probably than not, *663 was a contributing cause in the accident. In any event, he has not offered sufficient proof on this point to exculpate himself from responsibility as required under Great American Ins. Co. v. Turnage, supra. Accordingly, he and his liability insurer are also held liable for the death of Helga M. McGowan.
“Plaintiffs make two claims, one being a survival action for the pain and suffering resulting from the injuries to their daughter prior to her demise and the other being the death action. In regard to the survival action, the only evidence submitted bearing on this claim was the hospital report (Exhibit P-4) which reflects that the young lady suffered a massive blow to her head and her chest. There was no evidence of reaction by her to any stimuli administered during the twelve hours she lived following the accident. Because of shock and unconsciousness, it is doubtful that she felt any pain and suffering. However, the Court believes that a minimal award of $2,000.00 should be awarded to be divided between each parent with respect to this claim.
“Helga M. McGowan was 19'years of age when she died and was one of two children of the petitioners. Her parents were devoted to her and had reason to be very proud of their daughter as she was an outstanding student both in high school and at the university. (Exhibits P-3 and P-7) It is evident that they sustained a deep loss with the death of their daughter. The Court awards each parent the sum of $40,000.00 as to this aspect of the claim. Total expenses relating to her death amount to $1,839.46. (Exhibits P-9, P-10 and P-11)
“For the reasons assigned herein, judgment is rendered in favor of the plaintiff, Leo F. McGowan, and against the defendants, American Fidelity Fire Insurance Company, Wilfred T. Guerin and American International Insurance Company, jointly and in solido, in the sum of $42,839.46. Further judgment is rendered in favor of the plaintiff, Mrs. Leo F. McGowan and against the defendants, American Fidelity Fire Insurance Company, Wilfred T. Guerin and American International Insurance Company, jointly and in solido, in the sum of $41,000.00. Judgment against American Fidelity Fire Insurance Company is limited to $10,000.00 being the amount of their coverage. Plaintiff’s claim against Zurich Insurance Company is dismissed. * * * Finally, all costs of this proceeding are to be divided equally between American International Insurance Company and Zurich Insurance Company. Since American Fidelity Fire Insurance Company had tendered its policy limits prior to the installation of suit, it is relieved of any payment of costs.”
In seeking a reversal of the judgment appealed, appellants rely on an assignment of two errors. These are:
I. The trial judge improperly construed Eason v. Hartford Accident & Indemnity Co., 327 So.2d 187 (La.App.) and consequently placed an unreasonable and heavy burden upon appellants and did not require plaintiffs to prove their case by a preponderance of the evidence.
Appellants do not attack the holding in Eason as erroneous but contend the Court a quo improperly construed Eason and misapplied Eason to the fact of the instant case. Appellants do not argue that the deceased, Miss McGowan, was guilty of any negligence in this accident.
In Eason the court adopted the holding enunciated in Michel v. State Farm, 314 So.2d 535 (La.App. 1st Cir. 1975), which stated:
“When an innocent party is injured through the concurrent acts of. two parties under circumstances where one or the other must be at fault, the burden is upon these parties to exculpate themselves from negligence.” 314 So.2d 538.
This is a rule of evidence to be applied by the court. The trial court considered the testimony of the only two eyewitnesses to the accident, viz: the defendant, Wilfred T. Guerin and the following motorist, Clifford Burleigh, Jr., and found defendant Guerin negligent in not maintaining a proper lookout as he approached the intersection. Witness Burleigh saw the Eldred vehicle as it entered the intersection and appellants as *664 sign no reason why Guerin could not have done so, too.
We find no error in the trial court’s application of Eason.
II. Alternatively, the trial judge committed error by concluding that Wilfred T. Guerin failed to maintain a proper lookout as a result of its conclusion that appellants failed to shoulder their burden to exonerate them from liability and in also failing to consider the proximate cause of the accident.
We fully concur in the trial court’s finding that Guerin failed to maintain a proper lookout. Witness Burleigh saw the Eldred vehicle as it entered the intersection. He was to the rear of the Guerin vehicle and had a view to his left, the direction from which the Eldred vehicle came, of lesser depth or distance than Guerin. Yet appellant Guerin did not see the Eldred vehicle until two feet from him and stated that it appeared as a blur.
As to the failure of the trial court to consider the proximate cause of the accident we find that appellant Guerin’s negligence was a proximate cause of the accident.
In Great American Ins. Co. v. Turnage, 339 So.2d 1322 (La.App. 1st Cir. 1976), we stated:
“[3,4] A motorist who approaches an intersection controlled by a flashing yellow light is under a duty to exercise a greater degree of care and vigilance than one approaching a green light or an uncontrolled crossing. Pederson v. Schenck, La.App., 204 So.2d 316 (1st Cir. 1967). The degree of caution required of a person approaching a flashing yellow light includes approaching at a reasonable speed and maintaining a proper lookout for danger. What constitutes a reasonable speed and a proper lookout depends on the facts of each case. Rogers v. Tiger, La.App., 305 So.2d 147 (1st Cir. 1974); Insured Lloyds v. Liberty Mutual Insurance Co., La.App., 286 So.2d 420 (1st Cir. 1973). While a driver approaching a flashing yellow light may ordinarily rely on the fact that a driver approaching a flashing red light will stop before entering the intersection as required by law, the driver approaching the yellow light is under a duty to exercise caution and vigilance as he enters the intersection so that he may ascertain whether he can cross with safety. State Farm Mutual Automobile Ins. Co. v. Merritt [185 So.2d 832, La.App., 3rd Cir. 1966], supra; Savoy v. Cooley, 144 So.2d 223 (La.App., 1st Cir. 1962).”
Appellant breached his duty as a motorist in the approach and entrance into the intersection and this breach was a proximate cause of the accident.
The judgment appealed is affirmed at appellants’ cost.
AFFIRMED.