PONDER, Judge.
Plaintiff appealed from the dismissal of her suit for damages resulting from an in-tersectional collision.
The sole issue is plaintiff’s contributory negligence.
We affirm.
Plaintiff was proceeding north in the inside lane of a four-lane divided highway at approximately fifty miles per hour. The weather was misty and the road slippery. Approaching a blinking yellow light, plaintiff observed from some distance defendant’s tractor-trailer rig slowly entering the intersection. A red blinking light and a stop sign controlled traffic entering from the side road. Plaintiff reduced her speed to forty-five miles per hour, but continued into the intersection, assuming defendant would stop in the median. Defendant, on reaching the median, observed plaintiff’s approach, but thought he could “beat her.” Plaintiff struck the rear of defendant’s rig.
The trial court found defendant negligent but barred plaintiff’s recovery because of her own contributory negligence.
Plaintiff claims she was not contributorily negligent. Citing Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849 (La.1948) and Duchmann v. Allstate Ins. Co., 389 So.2d 896 (La.App. 4th Cir. 1980), she argues that a motorist on a right-of-way street, approaching an intersection where traffic is required to come to a complete stop before entering the intersection, can assume that an approaching driver will stop before entering the intersection, until it becomes apparent that the latter driver is not going to observe the law. We find the cases inapplicable. A motorist approaching a flashing yellow light must exercise a *5 greater degree of care and vigilance. LSA-R.S. 32:234;[1] Pederson v. Schenck, 204 So.2d 316 (La.App. 1st Cir. 1967). A driver approaching a flashing yellow light may ordinarily rely on the fact that a driver approaching a flashing red light will stop before entering the intersection, but he is under a duty to exercise caution and vigilance so that he may ascertain whether he can cross with safety. Great American Insurance Company v. W. O. Turnage, 339 So.2d 1322, (La.App. 1st Cir. 1976).
We find no error in the court’s conclusion that plaintiff’s actions fell below this standard. Fully aware that defendant’s forty-seven foot tractor-trailer rig was proceeding across the intersection and would block all traffic, plaintiff continued .into the intersection on the assumption that the other driver would stop at the median. Caution and vigilance required plaintiff to slow and even stop her vehicle until she was sure that he would stop.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. LSA-R.S. 32:234 (in part):
“A. Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal, it shall require obedience by vehicular traffic as follows:
(1) FLASHING RED (STOP SIGNAL)— When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest cross-walk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.
(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL) — When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution.”