499 So.2d 997 (1986)
Anita FONTENOT, Plaintiff-Appellant-Appellee,
v.
SHELTER MUTUAL INSURANCE COMPANY, Defendant-Appellee-Appellant, and
Myra Shelton, Defendant.
No. 85-915.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*998 James D. Davis, Alexandria, for plaintiff-appellant-appellee.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Sam N. Poole, Jr., Alexandria, for defendant-appellee-appellant.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Judge.
This appeal arises from a tort case filed by Anita Fontenot, plaintiff-appellant-appellee, against Myra Shelton, defendant,[1] and Ms. Shelton's automobile liability insurer, Shelter Mutual Insurance Company, defendant-appellee-appellant. Following a jury trial on the merits, the jury found that Ms. Shelton was zero percent negligent in causing the accident and the case against Shelter was dismissed. The plaintiff appeals the decision of the district court.
The record discloses that this lawsuit is a result of an intersectional collision which occurred on August 20, 1983, at approximately 11:45 P.M., involving automobiles driven by the plaintiff and Ms. Shelton. As a result of the accident the plaintiff received serious injuries. The plaintiff filed suit against Myra Shelton and her automobile liability insurer, Shelter Mutual Insurance Company. However, Ms. Shelton was not served with process and was not a party to this lawsuit. The petition alleged basically that Ms. Shelton was negligent for having failed to avoid the accident.
*999 Shelter answered the lawsuit denying any negligence on the part of Ms. Shelton and raised the plaintiff's negligence as an affirmative defense.
A trial on the merits was held, and following the plaintiff's presentation, Shelter moved for a directed verdict which was denied by the district judge.
The jury, by a 10 to 2 vote found that Ms. Shelton was zero percent negligent in causing the auto accident and the district court dismissed the plaintiff's suit.
The evidence presented at the trial reveals that the accident occurred at the intersection of Hot Wells[2] Road and MacArthur Drive in Alexandria, Louisiana. At this intersection, Hot Wells Road is a two-lane, blacktopped highway which runs east and west. MacArthur Drive is a four-lane highway with the north and south-bound lanes thereof being separated by a median. Cars travelling east on Hot Wells Road first reach the two south-bound lanes of MacArthur Drive. On crossing those two south-bound lanes, an east-bound car would then enter the blacktopped portion of the median separating the south-bound and north-bound lanes of MacArthur Drive. Once in the median, travelling east, a car would then reach the north-bound lanes of MacArthur Drive, and crossing those north-bound lanes would finally reach Bayou Rapides Road.
The traffic flow at the intersection is controlled by two semaphore traffic lights. One light hanging over the center of the intersection of Hot Wells Road and the south-bound lanes of MacArthur Drive and the other hanging over the center of the intersection of Hot Wells Road and the north-bound lanes of MacArthur Drive. At the time of the accident, these semaphore lights were flashing red for east and west-bound traffic on Hot Wells and Bayou Rapides Road and were flashing yellow (or amber) for vehicles travelling north and south on MacArthur Drive. The speed limit on MacArthur Drive is 50 miles per hour.
The plaintiff testified that she was travelling east on Hot Wells Road. Upon reaching the intersection of Hot Wells Road and the south-bound lanes of MacArthur Drive she came to a stop in response to the flashing red light, looked north, ascertained that no vehicles were approaching and crossed the south-bound lanes into the paved portion of the median. She further testified that upon entering the median she traveled until she reached the intersection of Hot Wells Road and the north-bound lanes of MacArthur Drive whereupon she came to a complete stop. Mrs. Fontenot said she then looked to the right (to the south), and did not see any automobiles approaching from that direction and she proceeded to cross the north-bound lanes. The plaintiff testified that when she reached the outside lane of the two north-bound lanes the defendant's auto struck her auto.
The defendant and two of her passengers testified in this trial. The defendant testified that she was travelling at a speed of 40 to 45 miles per hour in the outside lane of the two north-bound lanes of MacArthur Drive. The defendant and both of the witnesses testified that upon approaching the intersection the defendant slowed her automobile down by taking her foot off of the accelerator. They further attested that the plaintiff's automobile suddenly pulled out in front of the defendant's auto and that the defendant could not avoid the accident by entering the inside lane because of an auto already occupying that lane.
The police officer who investigated the accident testified that the defendant's auto struck the plaintiff's auto broadside.
The plaintiff appeals the decision of the district court and raises one assignment of error: Whether the jury was manifestly erroneous in failing to assess a percentage of negligence against Myra Shelton.
Shelter answered the appeal stating that if on appeal some percentage of fault is *1000 assessed against Myra Shelton, the question would become whether the district judge erred in refusing to grant their motion for directed verdict.
We find that the plaintiff's assignment of error is without merit, and thus we need not consider Shelter's answer to the appeal.
The law regarding the duty of a driver faced with a flashing red or yellow traffic signal is found in La.R.S. 32:234 A, which provides:
"A. Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal, it shall require obedience by vehicular traffic as follows:
(1) FLASHING RED (STOP SIGNAL)  When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest cross-walk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.
(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL)  When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution."
Under the above quoted statute, the driver facing the flashing yellow or amber signal light, here Ms. Shelton, has the right-of-way and the right to assume vehicles on the inferior street will honor that right-of-way. Pecunia v. Gaudet, 217 So.2d 511 (La.App. 4th Cir.1969), Jolley v. Continental Southern Lines, Inc., 170 So.2d 114 (La.App. 2nd Cir.1964), and State Farm Mutual Auto Insurance Company v. Merritt, 185 So.2d 832 (La.App. 3rd Cir. 1966).
However, although the driver faced with the amber light has the right-of-way, the right-of-way is tempered by that driver's duty to proceed through or past the amber signal "only with caution." The standard of caution was set out in Great American Insurance Company v. Turnage, 339 So.2d 1322 (La.App. 1st Cir.1976), to-wit:
"A motorist who approaches an intersection controlled by a flashing yellow light is under a duty to exercise a greater degree of care and vigilance than one approaching a green light or an uncontrolled crossing. Peterson v. Schenck, La.App., 204 So.2d 316 (1st Cir.1967). The degree of caution required of a person approaching a flashing yellow light includes approaching at a reasonable speed and maintaining a proper lookout for danger. What constitutes a reasonable speed and a proper lookout depends on the facts of each case. Rogers v. Tiger, La.App. 305 So.2d 147 (1st Cir. 1974); Insured Lloyds v. Liberty Mutual Insurance Co., 286 So.2d 420 (1st Cir.1973). While driver approaching a flashing yellow light may ordinarily rely on the fact that a driver approaching a flashing red light will stop before entering the intersection as required by law, the driver approaching the yellow light is under a duty to exercise caution and vigilance as he enters the intersection so that he may ascertain whether he can cross with safety. State Farm Mutual Automobile Ins. Co. v. Merritt, supra; Savoy v. Cooley, 144 So.2d 223 (La.App. 1st Cir.1962)."
Furthermore, though the driver faced with the flashing yellow light may ordinarily rely on the motorist approaching the intersection on the inferior street stopping as required by the red flashing light "if the evidence reflects such a motorist will not stop then the duty rests upon the driver on the favored street to avoid the accident if he can." Savoy v. Cooley, 144 So.2d 223 (La.App. 1st Cir.1962), cert. denied, and State Farm Mutual Automobile Insurance Company v. Merritt, supra.
The flashing red light which the plaintiff was confronted with is tantamount to a stop sign insofar as the duty of a *1001 motorist facing it to stop is concerned. State Farm v. Merritt, supra. A person approaching a stop sign is under a duty to stop and not proceed until he is certain it is safe. Continental Insurance Company v. Duthu, 235 So.2d 182 (La.App. 4th Cir. 1970).
In the instant case, Ms. Shelton had the right-of-way because she had the superior right to proceed through the intersection, and the plaintiff was subject to the rules which are applicable to a motorist who is faced with a stop sign.
Ms. Shelton and her witnesses testified that upon approaching the intersection the auto was slowed down by Ms. Shelton taking her foot off the accelerator. They further testified that the plaintiff pulled out directly in front of them and avoiding the resultant collision was impossible because of traffic approaching in the rear inside lane.
The plaintiff testified that she came to a complete stop and proceeded when she saw that no vehicles were approaching.
It is obvious from the jury verdict that they believed the Shelton version of the incident that led up to the accident and that the plaintiff pulled out in front of Ms. Shelton's vehicle.
Where there is evidence before the trier of fact which furnishes a reasonable factual basis for the trial court's conclusion, the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). There is adequate testimony in the record supporting the jury's conclusion that there was no negligence on the part of Ms. Shelton which contributed to the accident. There also appears to be sufficient evidence that Ms. Shelton approached the intersection with the caution required by La.R.S. 32:234.
For the above and foregoing reasons the verdict of the district court is affirmed.
All costs on appeal to be assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] The defendant, Myra Shelton was not served with citation and therefore was not a party to the proceedings.
[2] Note that after Hot Wells Road crosses MacArthur Drive the name of the highway changes to Bayou Rapides Road.