ELLIS, Judge.
This is a suit for damages for personal injuries suffered by plaintiff Walter Dale Tucker in a motor vehicle accident with an automobile driven by Mrs. Earl Lirette, Jr. Defendants are Mrs. Lirette, her husband, Earl Lirette, Jr., and their insurer, State Farm Mutual Automobile Insurance Company.
The intersection of Gouaux Avenue and Elizabeth Street in Houma is controlled by a flashing semaphore signal. The flashing red light controls traffic on Elizabeth and the flashing yellow light controls traffic on Gouaux.
Mrs. Lirette was heading east on Elizabeth Street. She stopped at the intersection with Gouaux and looked both ways. She saw nothing approaching and drove out into the intersection. When she was about half way through she heard a motorcycle approaching from her right, and saw plaintiff on his motorcycle just before he struck her right front door.
Plaintiff was heading north on Gouaux. As he approached the intersection he saw Mrs. Lirette stop at the corner. He did not brake or slow down as he approached the intersection at a speed of 30 to 35 miles per hour. The speed limit at that point was 25 miles per hour. When Mrs. Lirette pulled out into the intersection, he stated that he did not have time to apply his brakes. He testified that he was grabbing for the brakes when he hit the car.
The trial judge found Mrs. Lirette to be negligent for failing to see Mr. Tucker, and Mr. Tucker negligent for approaching the intersection at too great a rate of speed. From a judgment dismissing his suit, plaintiff has appealed.
R.S. 32:234 requires that a motorist approaching an intersection controlled by a flashing yellow light may proceed through the intersection only “with caution.” This has been interpreted to place a higher degree of care on a motorist entering such a controlled intersection than is placed on one entering an uncontrolled intersection or one which has a green light. He can enter such an intersection only when he has ascertained that it is reasonably safe to do so, and may not rely entirely on the duty placed on one faced by a flashing red light. Great American Ins. Co. v. Turnage, 339 So.2d 1322 (La.App. 1st Cir. 1976); Lockhart v. McInnis-Peterson Chevrolet, Inc., 205 So.2d 744 (La.App. 1st Cir. 1967).
In this case, it is obvious that plaintiff took no precautions whatsoever as he approached the intersection, that he was driving in excess of the speed limit, and did not observe that Mrs. Lirette had pulled out until it was too late to avoid the accident. He was contributorily negligent, and is precluded from recovery.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.