400 So.2d 647 (1981)
Walter Dale TUCKER
v.
Mr. and Mrs. Earl LIRETTE, Jr., and State Farm Mutual Automobile Insurance Company.
No. 81-C-0144.
Supreme Court of Louisiana.
June 22, 1981.
*648 Clifton A. Adcox, Weidemann & Fransen, New Orleans, for plaintiff-applicant.
Jerry H. Schwab, Schwab & Butler, Houma, for defendant-respondent.
CALOGERO, Justice.
Plaintiff Walter Dale Tucker sued defendants Mr. and Mrs. Earl Lirette, Jr., and their insurance carrier, State Farm Mutual Automobile Insurance Company, for damages resulting from an intersectional collision between plaintiff's motorcycle and the car driven by Mrs. Lirette in the city of Houma. The trial court found defendant negligent, but also determined that plaintiff was contributorily negligent and consequently denied damages. Plaintiff appealed the decision to the First Circuit Court of Appeal. The Court of Appeal affirmed. 393 So.2d 293 (La.App. 1st Cir. 1980). Plaintiff applied to this Court for writs of certiorari which we granted to review the *649 decisions of the lower courts. 396 So.2d 1327 (La.1981), No. 81-C-0144.
The basic facts are not in dispute. Rather, the issues for our consideration are the degree of caution which must be exercised by a motorist faced with a flashing yellow light when he has observed that the motorist on the cross street has stopped in response to a flashing red light, and whether plaintiff's driving in excess of the speed limit constitutes contributory negligence so as to bar his recovery of damages.
Plaintiff was traveling north on Gouaux Avenue heading toward its intersection with Elizabeth Street. A flashing yellow semaphore light faced plaintiff. Mrs. Lirette was driving east on Birch Street which becomes Elizabeth on the far side of the intersection with Gouaux. Mrs. Lirette had stopped at Gouaux in compliance with the flashing red light and an octagonal stop sign facing her. Plaintiff observed the Lirette car in its stopped position when he was approximately one half block from the intersection. Plaintiff continued at the 30-35 m. p. h. he was traveling. When he was about 20 feet from the intersection, plaintiff saw defendant pull out in front of him. Plaintiff testified that it was too late to brake his motorcycle and he hit defendant's car in the middle of the front door.
Defendant testified that she had stopped at the intersection in response to the flashing red light. She looked left and right and saw no vehicles approaching. Defendant pulled slowly into the intersection, looking again to the left and then to the right. Defendant said that she did not see plaintiff until she was in the middle of the intersection, looking right, and plaintiff was at her door.
Both parties testified that they were aware that the intersection was a dangerous one because both lived in the vicinity. Birch/Elizabeth does not cross Gouaux at a right angle. Instead, defendant had to angle to her right to proceed on Elizabeth past Gouaux. Defendant's line of vision to her right was partially obstructed by telephone poles, shrubbery, and other items on the corner. Gouaux was a one-way street with traffic coming from defendant's right. Nevertheless, defendant looked first to her left when entering the intersection. She explained that upon occasion drivers still drove the wrong way on Gouaux and traffic from the left would be the first she would encounter in the intersection. Defendant drove, albeit slowly according to her, into the intersection rather than moving forward a few feet and stopping to check traffic again. We agree with the lower court that defendant was negligent in her actions.
The lower courts held that plaintiff was contributorily negligent based in part upon the fact that he was traveling 30-35 m. p. h. in an area where the speed limit was 25 m. p. h. Ordinances setting speed limits are designed to protect the safety of those who use the streets and violation of such an ordinance is negligence. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Nevertheless, that conduct will not constitute contributory negligence such as to bar recovery unless the conduct was also a legal cause of the accident. Breithaupt v. Sellers, 390 So.2d 870 (La.1980).
Contributory negligence is a defense to a tort suit and it is incumbent upon the defendant to prove that the plaintiff was contributorily negligent. In this case before us, defendant offered no evidence tending to prove this fact. In Welton v. Falcon, 341 So.2d 564 (La.App. 4th Cir. 1976), writ refused 342 So.2d 872, 1109 (La. 1977), the motorist with the flashing red light introduced the testimony of an accident reconstruction expert to prove that the motorist with the flashing yellow light could have stopped in ample time to avoid the accident had he been traveling within the speed limit. In the instant case, the record is devoid of any evidence establishing that plaintiff's speed was a cause of the accident.
The lower courts also stressed that a motorist facing a flashing yellow light must exercise caution in proceeding through or past the signal. R.S. 32:234 imposes that *650 duty on the motorist.[1] We must therefore focus our attention upon plaintiff's response, confronted by a yellow flashing light, to seeing defendant's automobile stopped at the intersection in obedience to both a flashing red light and an octagonal stop sign. This is a matter of first impression for us although the Courts of Appeal have considered similar questions upon many occasions. Our brethren on those courts have held that a motorist approaching an intersection with a flashing yellow light may not rely entirely upon the motorist with the flashing red light stopping as required by law. E. g. Great American Ins. Co. v. Turnage, 339 So.2d 1322 (La.App. 1st Cir. 1976); Lockhart v. McInnis-Peterson Chevrolet, Inc., 205 So.2d 744 (La.App. 1st Cir. 1967).
Surely a motorist approaching an intersection with a flashing yellow light and without knowledge of opposing traffic on the intersecting street, as well as one approaching the same intersection and seeing a motorist approaching on the intersecting street, is wrong to proceed without reducing his speed. Neither of these situations prevailed here, for this plaintiff observed that this defendant had already stopped. Plaintiff therefore, was quite within reason to expect that a motorist who had stopped in compliance with the flashing red light would remain stopped until certain that it was safe to enter the intersection. The driver facing the flashing red light in Great American Ins. Co. v. Turnage, supra, stopped for the red light and then moved forward into the intersection to take a second look. The court found that driver negligent.
We agree with plaintiff and defendant that the intersection at which the accident occurred is a dangerous one at which it is difficult to see opposing traffic. However, defendant had a flashing red light controlling traffic in her direction and an octagonal stop sign to observe. Under the circumstances, it was reasonable for plaintiff to assume that defendant would remain stopped and also reasonable for plaintiff to continue into the intersection. Plaintiff therefore was not contributorily negligent in his actions.

Decree
For the foregoing reasons, the judgment of the Court of Appeal denying plaintiff recovery is reversed. The case is remanded to the Court of Appeal for determination of damages and entry of judgment in plaintiff's favor.
REVERSED AND REMANDED TO THE COURT OF APPEAL.
DIXON, C. J., concurs with reasons.
WATSON, J., dissents. It is obvious that plaintiff was contributorily negligent; therefore, I would affirm the trial court and the Court of Appeal.
DIXON, Chief Justice (concurring).
I respectfully concur. Defendant had the last clear chance to avoid the accident.
NOTES
[1] In pertinent part R.S. 32:234 reads: "When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution."