427 So.2d 852 (1983)
Thomas WRIGHT
v.
Eloise O'NEAL and New Orleans Public Service, Inc.
No. 82-C-1804.
Supreme Court of Louisiana.
February 23, 1983.
G. Patrick Burvant, Bradford R. Roberts, II, Roberts, Katz & Baudier, New Orleans, for applicant.
Floyd F. Greene, New Orleans, for respondents.
DENNIS, Justice.
On October 30, 1978 a New Orleans Public Service bus collided with the rear of a taxi cab parked on North Rampart near the corner of Canal Street. Plaintiff, Thomas Wright, who was the operator of the cab, suffered personal injuries and brought this suit against the transit company and its bus driver. After a trial and a new trial by a judge, the trial court rendered judgment for plaintiff. On appeal, the court of appeal reversed because it found the cab driver had been guilty of contributory negligence by parking his vehicle in a no parking zone. We reverse and reinstate the trial court judgment. The trial court's judgment was not clearly wrong. Because the bus driver was negligent *853 in running into the rear of the taxi cab, the defendants had the burden of proving that the cabby was guilty of contributory negligence which was a legal cause of the accident. Although the trial judge did not fully articulate the reasons for his decision, the evidence provides a reasonable basis for a determination either that the cab driver parked legally or that the accident did not result from a particular risk from which the cabby's duty to park correctly was imposed to protect.
In both this court and the court of appeal, the defendant complained that the trial court erred or abused its discretion in granting plaintiff a new trial for the purpose of introducing the testimony of newly discovered witnesses. The decisions by the previous courts rejecting defendant's arguments on this issue were correct and are affirmed for the reasons stated by the court of appeal. 414 So.2d 880 (1982).
In our opinion, the trial court also reasonably determined either that the cab was properly parked or that the cabby's infraction of the parking ordinance was not a legal cause of the accident. The cabby and his two passengers testified that the taxi was stationary when it was struck by the bus. The bus driver and one of the bus passengers testified that the taxi cab backed into the bus. The trial judge found that the cab was parked and motionless at the time of the accident. However, the trial judge did not state whether he found that the cab was parked in a no parking zone. The cab driver testified that his vehicle was parked in the no parking zone but that its rear end was fifteen feet away from the corner. The two taxi passengers testified that the cab was parked a good distance from the corner. One cab fare stated that the vehicle was parked by a cab stand and that there were pay telephones between it and the corner. The evidence was undisputed that the NOPSI bus rounded the corner and collided with the rear of the cab.
The conflicting evidence is susceptible to at least two reasonable interpretations, either of which requires a reviewing court to sustain the trial court judgment. First, the trial judge was warranted in resolving the conflicting evidence by finding that the cab was lawfully parked at a cab stand outside the no parking zone and therefore that the cab operator was not guilty of any negligence. Second, and more likely, the evidence indicates that, although the cab was parked inside the no parking zone, the cab was not parked sufficiently near the corner to constitute a hazard to cornering vehicles or a legal cause of the accident. Only this second possible basis of the trial court's decision requires further explanation.
Since it was clear that the bus driver's negligence was a legal cause of plaintiff's injuries, the defendants bore the burden of proving that plaintiff's own contributory negligence was a legal cause of the accident in order to bar his recovery. This requires proof that the risk which resulted in the accident was one from which the duty violated by plaintiff was imposed to protect. Tucker v. Lirette, 400 So.2d 647 (La.1981); See Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972); Briethaupt v. Sellers, 390 So.2d 870 (La.1980). See generally, Stone, Louisiana Civil Law Treatise, Tort Doctrine, § 53, p. 73 (1977). In deciding the issue of whether the risk resulting in a person's harm was within an imposed duty, we have adopted an approach which first requires us to answer two principal questions: (1) was the conduct complained of a cause in fact of the harm? and (2) if so, did the actor breach a legal duty imposed to protect against the particular risk involved? Carter v. City-Parish Government of East Baton Rouge Parish, 423 So.2d 1080 (La.1982); LeBlanc v. Department of Highways, 419 So.2d 853 (La. 1982); Hill v. Lundin Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
When the rule relied upon for imposing responsibility is based upon a statute, the court must attempt to interpret the legislative intent as to the risk contemplated by the legal duty, often resorting to the court's own judgment of the scope of protection intended by the legislature. Hill v. Lundin, supra. Pierre v. Allstate, 257 La. *854 471, 242 So.2d 821 (1970); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). The same policy considerations which would motivate a legislative body to impose duties to protect from certain risks are applied by the court in making its determination. Hill v. Lundin, supra, at pp. 622, 623. See also, Robertson, Reason Versus Rule in Louisiana Tort Law: Dialogues on Hill v. Lundin and Associates, Inc., 34 La.L.Rev. 1, 8 (1973).
The cabby's parking violation was a cause in fact of the accident because the mishap would not have occurred if his vehicle had not been there. Furthermore, he violated a duty derived from the ordinance which was imposed to prevent the risk of an accident due to the obstruction of an area reasonably necessary for safe and efficient cornering by other vehicles. However, because the evidence justifies an inference that the encroachment of plaintiff's cab upon the designated no parking zone did not impede safe and efficient negotiation of the corner by others, we believe that the defendant has failed to show that the risk created by the violation was a legal cause of the accident.
The defendants failed to prove exactly where the cab was parked at the moment of impact. No evidence was offered to show the width of North Rampart Street or to establish the area needed for a turning bus. On the other hand, evidence was offered to show that the plaintiff took precautions to avoid becoming involved in a collision with a turning vehicle by parking at least 15 feet from the corner and very near the curb on North Rampart. Two witnesses testified that the cab was, in fact, properly parked much further from the corner than the cabby himself estimated. Moreover, the defendant bus driver's version of the entire episode was called into serious doubt by the testimony of the plaintiff's witnesses, who placed the vehicle many feet away from the intersection and who directly contradicted the bus driver's story by unequivocally testifying that the cab was not moving when the bus collided with it.
Accordingly, the trial court judgment in favor of the plaintiff was not clearly wrong. The judgment of the court of appeal is reversed and the judgment of the trial court is reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
WATSON, J., concurs being of the opinion that the parking was not an operative cause in fact of the accident.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
I must respectfully dissent. The trial court abused its discretion in granting the plaintiff's motion for a new trial. Counsel waited until the day before trial to subpoena his witnesses off the accident report. La.C.C.P. art. 1972 requires that the evidence forming the basis for the motion must have been unavailable despite "due diligence". These witnesses were readily available. In my view, waiting so long before attempting to ascertain the whereabouts of witnesses, despite having more than two years to prepare for trial, cannot be described as "due diligence".
Further, I cannot subscribe to the majority ruling that the negligence of the cab driver in parking his cab illegally did not violate the duty of the driver to protect against the particular risk which was the cause of the accident. The driver admitted that he had brought the cab to a stop in a "no parking" zone at the corner of the street where the accident occurred, an area marked off with yellow lines behind an area designated as a "taxi zone". As noted by the court of appeal, this action was in violation of several city ordinances. I agree with the court of appeal that the purpose of these ordinances in establishing such "no parking" zones is to protect against this specific type of accident.
It is important that intersections be reasonably free of parked vehicles in order to allow for a free flow of traffic and to give larger turning vehicles, such as trucks or buses, sufficient room to complete a turn.
*855 The purpose of a "taxi zone" is to provide a safe area from which passengers may embark or disembark the vehicles. In my opinion, the defendants established that the driver had parked in a "no parking" zone, thereby bringing about the particular risk which the city ordinances were designed to protect against. The hazard created by this negligent act contributed to the cause of the accident, and the plaintiff's contributory negligence should bar his recovery of damages.