FRED W. JONES, Jr., Judge.
Gulf South Minerals, Inc. (“Gulf South”) filed suit against Tatco, Inc., (“Tatco”) asking for judgment ordering delivery by defendant of a mineral lease assignment and for damages for delay in that delivery. Defendant filed an exception of no cause of action, asserting that plaintiffs suit was an attempt to enforce an oral agreement relating to an immovable, which is prohibited by express codal provisions.
Although plaintiff subsequently filed an amended and supplemental petition, the exception was sustained and plaintiff’s suit dismissed. Although his reasons are not in the record, the trial judge apparently agreed with the rationale of defendant’s position. Be that as it may, plaintiff appealed the judgment of dismissal, contending in essence that the trial court erred in failing to recognize that at the merit-trial parol evidence would be admissible to prove (1)when the parties intended to transfer title to the mineral lease and (2) the existence and contents of the act of assignment which was destroyed while still in the possession of defendant’s employee.
In its original petition, Gulf South alleged, in substance, that:
(1) On September 13 or 14, 1982, defendant’s employee, Trussed, met with plaintiff’s employee, Golsby, and verbally offered to assign a mineral lease owned by defendant to plaintiff for a stipulated consideration.
(2) On September 16, 1982, Golsby verbally accepted the offer and was instructed by Trussed to bring a check the next day and pick up the act of assignment.
(3) On September 17, 1982 Golsby tendered to Trussed a check in the sum previously agreed upon. Trussed showed Golsby the act of assignment duly executed by plaintiff’s vice-president but stated he had changed his mind about the transaction, did not desire to consummate it, and refused to deliver the instrument.
Plaintiff’s amended and supplemental petition, filed subsequent to lodging of the exception of no cause of action, related in general certain information obtained through taking of the discovery deposition of Trussed pertaining to execution of the assignment, and then added the following material allegations:
“14.
If actual physical delivery of the assignment was required to make the same effective, said delivery was made on September 16, 1982, when John W. Thomas, Jr. [defendant’s vice-president] transferred possession of the executed and acknowledged assignment to Mr. Trussed in his capacity as a Notary Public.
“15.
Alternatively, plaintiff shows that actual physical delivery of the assignment in question was made when Mr. Trussed gave possession of the executed and acknowledged assignment to Mr. Golsby on September 17, 1982.
“16.
Alternatively, plaintiff shows that no physical delivery of the assignment need *547 be shown and the contract between the parties was complete and title to the property was vested of right in plaintiff, pursuant to La.Civil Code Article 2456 when the written assignment was executed as a public act on September 16, 1982, although the object of the contract had not yet been delivered nor the price paid.
“17.
Alternatively, plaintiff shows that an oil, gas and mineral lease is an incorporeal right affecting immovable property which, pursuant to Louisiana Civil Code Articles 470 and 2479, is delivered by the public act transferring the property. As defendant, through its president, Richard D. Trussed, has admitted execution and delivery of a public act transferring the property, the provisions of Civil Code Article 2274 are applicable herein and permit proof by parol evidence of the sale of the lease in question.”
The purpose of the peremptory exception of no cause of action is to test whether plaintiff’s allegations entitle it to any remedy whatsoever at law. For purposes of deciding this exception all well-pleaded factual allegations of the petition must be taken as true. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Johnston v. Cummins, 388 So.2d 432 (La.App. 2d Cir.1980).
Examination of the allegations of plaintiff’s original petition leads to the conclusion that the petitioner therein was attempting to enforce a verbal promise to assign a mineral lease.
A mineral lease is categorized by the Louisiana Mineral Code as one of the basic mineral rights. La.R.S. 31:16. A mineral right is classified as an incorporeal immovable. La.R.S. 31:18.
La.Civil Code Article 2440 provides:
All sales of immovable property shall be made by authentic act or under private signature.
Except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted.
La.C.C. Art. 2275 permits proof of a verbal sale of an immovable as between the parties if either “confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.”
Plaintiff does not plead the Article 2275 exception to the parol evidence rule, candidly asserting in its appellate brief that it is relying on proof of the existence of a completed written act of assignment. By filing its amended and supplemental petition in which this legal position is assumed, plaintiff has at least admitted by implication the obvious — that its original petition did not state a cause of action since it purported to seek enforcement of a verbal agreement relating to immovable property.
The next question is whether this defect was cured by filing of the amended and supplemental petition.
The thrust of Gulf South’s argument, as set forth in its appellate brief, appears to be that “unless the intention of the parties is otherwise, an act translative of title is effective upon signing; delivery of the paper or writing which serves as evidence of the transfer is not required.* Consequently, according to Gulf South, upon execution by its officer of the mineral assignment, Tatco was obligated to deliver the instrument after receipt of the consideration recited therein. Put another way, the argument is *548 that the executed act of assignment became a contract to deliver the mineral lease.
As the appellee points out, a legal holding to this effect would have disturbing implications, raising a host of troublesome questions. For example, could Tatco have immediately demanded payment of the consideration for the assignment upon its execution, though Gulf South might have decided that it was a poor financial investment? Suppose there is a verbal agreement to sell a house and lot and the vendor is leaving town and executes a deed to be held by his attorney until consummation of the transaction, does title pass when the deed is signed and does the house then become the property of the vendee? An affirmative answer would seem to be mandated by Gulf South’s argument.
The fact of the matter is that Gulf South’s position is contradicted by the allegations of its amended Article 7 that “on the morning of Friday, September 17, 1982, Mr. Golsby went to the offices of defendant and there tendered plaintiff’s check for the sum of $3,416.50.” The clear implication of this assertion is that the parties contemplated passage of title to the mineral lease only upon receipt of the stipulated consideration by Tatco and delivery of the instrument to Gulf South. La.C.C. Art. 2479 provides in part:
The law considers the tradition of delivery of immovables, as always accompanying the public act, which transfers the property.
Nothing in the pleadings of Gulf South supports the construction it places upon the legal effect of the execution by Tatco’s officer of the mineral assignment. Cases dealing with proof of escrow agreements by parol evidence, cited by Gulf South in support of its argument, are inapposite.
Agreeing with the trial court that plaintiff did not state a cause of action, we affirm its judgment, at appellant’s cost.

 Cited in support of this position is La.C.C. Art. 1920 which provides:
The rule that the obligation to deliver a determinate object is perfect by the mere consent of the parties, and that the obligee is the owner from the time of such contract, is without any exception as respects immovables, not only between the parties, but as to all the world, provided the contract be clothed with the formalities required by law, that it is bona ñde, and purports to transfer the ownership of the property.