FRED W. JONES, Jr., Judge Ad Hoc.
In these consolidated actions plaintiffs, alleged to be owners of land and homes located in a St. Bernard Parish subdivision known as Story Park Extension, sued their vendors in redhibition and other parties for damages, contending their homes were damaged because of the wrongful burial of trees on the affected lots. Included as a defendant was Story Development Corporation (“Story”), original owner and developer of the subdivision.
In each suit Story filed an exception of no cause of action, which the trial judge sustained and dismissed the suit as to that defendant. Plaintiffs appealed these judgments. For the reasons explained, we reverse and remand.
The petition alleged that defendant Story entered into a construction contract with co-defendant C & C Contractors, Inc. Under this contract, it was the responsibility of C & C to clear the land of trees and other debris. Story also contracted with Eugene I. Estopinal & Associates, Inc., (“Estopinal”) another co-defendant, to perform all engineering services related to the development of the site. Estopinal was responsible for planning and aligning a trench for the burial of trees and stumps cleared by C & C Contractors. Burial of trees at the subdivision site was authorized by Section 19 of St. Bernard Parish Ordinance No. 30-78, which allegedly provides, in pertinent part:
“On all undeveloped property in all new subdivisions all trees must be knocked down. On all undeveloped property in all new subdivisions, said trees must be buried as follows: A. Lots 80 feet or more in depth — trees must be buried within rear 15 feet of said lot. B. Lots 80 feet or less in depth — trees must be buried within rear 10 feet of said lot.
The trunks of the trees must be laid parallel to the street. All tree burial must be accomplished before installation of the offsite improvements.
It will be the owner’s responsibility to notify all prospective purchasers of lots containing buried trees through title re *1330 strictions or whatever legal document is necessary, that the buried trees exist at the rear of the lot to be purchased and to furnish the Department of Safety and Permits with proof of said notification.”
Plaintiffs alleged that the trees cleared from their lots were buried in the middle of the lots, directly underneath the site of the homes they constructed, rather than at the rear of the lots as required by the ordinance. They further alleged that they were not notified of this, (or of any tree burial, for that matter), by Story, and that they have suffered damages as a result of the improper tree burial to the extent that they would not have bought the property had they known of it.
Defendant Story filed exceptions of no cause of action and prescription. The exception of prescription was referred to the merits, but the exception of no cause of action was heard. The trial court agreed with Story’s argument that the ordinance, which requires notification of proper tree burial, was not intended to protect against the risk that plaintiffs encountered — damages resulting from improper tree burial. The trial court also found that there was no causal connection between the alleged lack of notification by Story and the damages complained of by plaintiffs. Therefore, the trial judge held that plaintiffs’ petitions stated no cause of action against Story and the exceptions were sustained.
We disagree with the position taken by Story and the ruling of the trial judge. The law concerning the exception of no cause of action is clear. Its purpose is to test the legal sufficiency of the pleadings; in other words, to test whether plaintiff’s allegations justify any remedy whatsoever at law. All well-pleaded factual allegations of the petition must be taken as true, and the general rule is' that any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Gulf South Minerals, Inc. v. Tatco, Inc., 434 So.2d 545, (La.App. 2d Cir.1983), writ denied, 440 So.2d 760 (La.1983).
The ordinance clearly provides that Story, as owner, was responsible for notifying plaintiffs that trees were buried on their lots. Appellee relies on the language of the ordinance, which indicates that the notification is to be of proper tree burial, in contending that no duty is created to notify a purchaser unless the trees were buried properly.
In sustaining the exception, the trial judge relied on Boyer v. Johnson, 360 So.2d 1164 (La.1978), which held that in order for a violation of a safety statute to constitute actionable negligence, the violation must be encompassed within the scope of the risks that the statute was designed to protect against, and the violation must also be a cause in fact of the harm. The trial judge then examined the language of the ordinance and concluded, citing Wright v. O’Neal, 427 So.2d 852 (La.1983) that it did not create a duty which was violated by Story under these circumstances. In Wright, the court stated:
“When the rule relied upon for imposing responsibility is based upon a statute, the court must attempt to interpret the legislative intent as to the risk contemplated by the legal duty, often resorting to the court’s own judgment of the scope of protection intended by the legislature. The same policy considerations which motivate a legislative body to impose duties to protect from certain risks are to be applied by the court in making its determination.” Id. at 853, 854.
We have applied this same standard, and do not agree with the assertion that the notification provision of this ordinance created no duty to notify prospective purchasers of tree burial on the subdivision lots unless the trees were buried at the rear of the lots, as specified in the ordinance. Such an interpretation of the ordinance is unduly restrictive, and would tend to reward subdivision owners and/or developers for the improper burial of trees, a result which was clearly not intended by the ordinance. In fact, the need for notification of tree burial is greater in cases of improper tree burial than in cases of proper burial, for just the reasons that these lawsuits were instituted. It is much more reasonable to interpret the ordinance’s language *1331 regarding proper tree burial as reflecting the ordinance’s assumption that the trees will be properly buried, in accordance with law, rather than as nullifying the duty to notify in cases of improper burial. Therefore, we find that the ordinance’s scope of protection does encompass the risk of harm that befell plaintiffs in this situation.
We have examined the plaintiffs’ petitions, and find them to contain the following allegations:
Plaintiffs purchased houses and lots in Story Park Extension Subdivision; a latent or hidden defect existed at the time of the sale, i.e. trees allegedly buried beneath the houses; Story negligently failed to notify them of the tree burial; this defect has caused physical deterioration, in the form of sinking, to their property; their property value has diminished because of this defect; and had they known of this situation, they would not have purchased the property, or would have done so only at a reduced price.
These well-pleaded factual allegations must be considered as true for purposes of reviewing an exception of no cause of action. Therefore, as we find the ordinance does create a duty to notify prospective purchasers of improper, as well as proper, tree burial, plaintiffs are entitled to the relief sought if they are able to prove that Story failed to notify them of the tree burial and that this lack of notification caused their damages. The trial judge’s ruling to the contrary is erroneous, the judgments sustaining the exceptions of no cause of action are REVERSED, the exceptions are overruled and these cases are REMANDED to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed to appellee, Story Development Corporation.