551 So.2d 39 (1989)
PEREIRA ENTERPRISES, INC.
v.
Danny SOILEAU, et al.
No. 88 CA 1192.
Court of Appeals of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
*40 Thomas Guzzetta, Thibodaux, for plaintiff/appellee.
Jason Lyons, Houma, for defendant/appellant, Danny Soileau.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiff, Pereira Enterprises, Inc., filed suit against defendants, Danny Soileau and Patsy LeCompte, seeking recovery for damages to its building which housed the Cajun Corner lounge. On September 5, 1987, Ms. LeCompte was driving a 1979 Chevrolet Monte Carlo owned and occupied by Mr. Soileau; she ran into the rear of a truck parked in plaintiff's parking lot, pushing the truck into the plaintiff's building. Following trial on the merits, the court rendered judgment against both defendants in favor of plaintiff for $2125.00 with interest and costs.[1] From this judgment, Mr. Soileau appeals.
The basis for the trial court's finding of liability on Mr. Soileau's part is the following jurisprudential rule: "the owner of an automobile who knowingly entrusts it to an intoxicated, or otherwise incompetent, driver is responsible for the harm resulting from the incompetent operation of the vehicle." Danos v. St. Pierre, 383 So.2d 1019, 1021 (La.App. 1st Cir.1980), affirmed on rehearing, 402 So.2d 633 (La.1981).
At the trial, only two witnesses testified as to the condition of Ms. LeCompte. They were Officer Troy Naquin and Mr. Soileau. Officer Naquin testified that he arrested Ms. LeCompte for operating a vehicle while intoxicated and for failing to maintain control. The parties stipulated that she pled guilty to the charges. No charges were filed against Mr. Soileau.
Mr. Soileau testified that because his driver's license was suspended due to lack of insurance, he did not drive his car but did allow others to drive it. On September 5, 1987, Keith Marceau, a friend of Mr. Soileau's, went to Mr. Soileau's house and then drove himself and Mr. Soileau to Breeze's Lounge in Mr. Soileau's car. While at Breeze's, Mr. Soileau met Ms. LeCompte and her daughter for the first time. Mr. Soileau was at Breeze's for about a half hour to forty-five minutes before he and Ms. LeCompte left to go to the Cajun Corner. During that time, Mr. Soileau had one or two beers (he had not been drinking while at home). Concerning Ms. LeCompte's condition, Mr. Soileau testified that he did not know if she had been drinking before he arrived and that he "didn't notice" and "couldn't tell" if she *41 appeared to be intoxicated; Mr. Soileau also testified that he did not notice whether her speech was slurred. When asked if Ms. LeCompte had trouble standing or walking, Mr. Soileau replied "No."
Ms. LeCompte asked Mr. Soileau for a ride to Cajun Corner. After Mr. Soileau explained his predicament with his driver's license and ascertained that Ms. LeCompte had a driver's license, Ms. LeCompte drove the half-mile to Cajun Corner. When asked by plaintiff's attorney this question, "You let her drive your car even though she had been drinking?", Mr. Soileau answered: "Well, I did not think she was drunk, you know. I couldn't tell the difference. It is just a half mile and she drove staight [sic] all the way there." Mr. Soileau testified that Ms. LeCompte's daughter was aware that she would be driving, but voiced no objection. Mr. Soileau intended to meet Mr. Marceau, who was already at Cajun Corner, and get a ride home. Mr. Soileau said that when they arrived at Cajun Corner, Ms. LeCompte hit the back of a parked truck; he speculated that "her foot slipped off the brake or something."
In his reasons for judgment the trial judge reviewed the testimony as set forth above, and then stated the following:
I take judicial notice of the fact that in docket #XX-XXXX-XX, 02, 03 Patsy Le-Compte was arrested that night, September 5, 1987, was administered a P.E.I, test on which she scored .28g% BAC, and that on September 23, 1987 Ms. Le-Compte pled guilty to the offenses of Operating a Vehicle While Intoxicated, Failure to Maintain Control and Resisting an Officer.
A .28g% BAC is a relatively high BAC. Someone weighing 145 pounds would have had to drink more than 10 drinks within a few hours to reach this level and, in my opinion, would be OBVIOULY INTOXICATED AND IMPAIRED TO A SIGNIFICANT DEGREE. (My emphasis).
He found Mr. Soileau liable under the jurisprudential rule set forth in Danos.
On appeal, Mr. Soileau urges three assignments of error:
1. The trial judge erred in taking judicial notice that Ms. LeCompte was given a P.E.I, test which showed a blood alcohol concentration (BAC) of .28.
2. The trial judge erred in interpreting the effects of a .28 BAC without any expert testimony.
3. The trial judge erred in rendering judgment against Mr. Soileau.
We will pretermit discussion of Assignment of Error No. 1, based on our finding that Assignments of Error Nos. 2 and 3 have merit. We find that the trial judge erred in finding that because Ms. LeCompte's BAC was .28, it was his opinion that she would be obviously impaired such that Mr. Soileau knew or should have known she was intoxicated, and was thus negligent in allowing her to drive his car.
The presumption that an individual with a BAC of .10 percent or more is under the influence of alcoholic beverages does not apply in civil cases. LSA-R.S. 32:662 C. BAC levels must be interpreted by competent expert witnesses in order for the trial court to determine their effects on a person's ability to operate a vehicle. Brown v. Collins, 223 So.2d 453, 456 (La.App. 3d Cir. 1969). In the case sub judice, there was no expert testimony concerning the effects of a .28 BAC. Without expert testimony, the trial judge could not determine the effects of a .28 BAC based upon his own opinion. Brown, 223 So.2d at 456.
Without the judge's opinion concerning the effects of a .28 BAC, the statistic has no evidentiary weight. There is no testimony or evidence to indicate that Mr. Soileau knew or should have known that Ms. LeCompte was intoxicated or incompetent. During the short period of time that Mr. Soileau was with Ms. LeCompte, her condition did not appear to cause him any concern. The fact that she later pled guilty to driving while intoxicated does not establish that Mr. Soileau knew or should have known that she was intoxicated. Finally, although plaintiff contends in brief that the facts of this case are comparable to those in Danos where the vehicle owner was found liable, we disagree. In Danos, *42 the driver and vehicle owner "had been partying for several hours at a local nightclub where all had consumed copious quantities of alcoholic beverages. They were well acquainted with each other and they knew that St. Pierre [the driver] was intoxicated when they left the nightclub." Danos, 383 So.2d at 1020. In the case sub judice, Mr. Soileau had only just met Ms. LeCompte and he only spent a half hour or forty-five minutes with her. Mr. Soileau only had one or two beers during that time. Unlike the situation in Danos, he was not aware that Ms. LeCompte might be intoxicated.
For these reasons, the judgment of the trial court holding Mr. Soileau liable is reversed. Costs of this appeal are assessed against the plaintiff.
REVERSED.
NOTES
[1] The judgment against Ms. LeCompte was a default judgment since she never answered the lawsuit.