# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SONJA WIDEMAN AND CASSANDRA
LEE PATRICK

NO. 2025 CW 0899

VERSUS

GERARD LEBLANC AND
PROGRESSIVE PALOVERDE
INSURANCE COMPANY

PAGE 1 OF 2

**JUNE 12, 2026**

---

In Re:   Dwayne Phillips, MDX Trucking, and Falls Lake National
         Insurance Company, applying for supervisory writs, 19th
         Judicial District Court, Parish of East Baton Rouge, No.
         703171.

---

BEFORE:   HESTER, MILLER, AND EDWARDS, JJ.

**WRIT GRANTED.** The portion of the trial court's July 31, 2025 judgment, which denied the cross-motion for summary judgment filed by defendants, Dwayne Phillips, MDX Trucking, and Falls Lake National Insurance Company, seeking dismissal of the claims asserted by plaintiffs, Sonja Wideman and Cassandra Lee Patrick, is reversed. To prevail on the motion for summary judgment, defendants were required to show an absence of factual support for any of the elements of negligence, which plaintiffs allege resulted in the wrongful death of two juveniles following a vehicular accident on Dummyline Road in Tangipahoa Parish. Under La. Civ. Code art. 2315, plaintiffs may recover by proving: (1) defendants had a duty to observe a certain standard of care; (2) defendants breached this duty by falling below this standard of care; (3) this breach was a cause-in-fact of the juveniles' deaths; and (4) the harm which occurred was the sort of harm that defendants' legal duty was designed to protect against. **Doe v. McKesson,** 2021-00929 (La. 3/25/22), 339 So.3d 524. The duty plaintiffs allege was breached by defendants is that imposed by La. R.S. 32:201 and Ordinance No. Section 20-12 of the Local Ordinances of Tangipahoa Parish in effect at the time of the incident.

La. R.S. 32:301 provides that vehicles shall display lighted lamps and illuminating devices, in pertinent part, "when, due to insufficient light or unfavorable atmospheric conditions, persons and vehicles on the highway are not clearly discernable at a distance of five hundred feet ahead." In regard to plaintiffs' claims regarding Dwayne Phillips' improper use of headlights, we find no evidence was presented to establish a genuine issue of material fact that Phillips was improperly using his headlights at the time of the accident. Both Phillips and co-defendant, Gerard LeBlanc, the only surviving witnesses to the accident, testified in depositions that Phillips was using his low-beams when he was approximately 70-100 yards away from where the accident occurred. Plaintiffs' own expert witness, Trent Williams, attested in his affidavit that low-beams are proper when approaching a vehicle from less than 500 feet away. Moreover, LeBlanc testified further that he was not blinded by Phillips' headlights in any way, despite his vision limitations.

LeBlanc expressly testified in his deposition he did not see the juveniles and their dirt bikes "because they were wearing dark clothing with no reflector and no light with no way to identify that they were in the road."

At the time of the incident, Ordinance No. Section 20-12 of the Local Ordinances of Tangipahoa Parish and local signage established Dummyline Road as a "No Truck Route" with an exception for "any person driving a truck making a delivery or picking up merchandise, goods, or equipment in an area where it would be necessary for the vehicle to use the road or street in the ordinary course of business." Violation of a safety statute, even when criminal in nature, does not, in itself, create civil liability. **Panzico v. Price**, 26,232 (La. App. 2d Cir. 10/26/94), 647 So.2d 1154, on reh'g, (La. App. 2d Cir. 5/10/95), 658 So.2d 1310, writ denied, 95-1453 (La. 9/29/95), 660 So.2d 853. To constitute actionable negligence, the violation must be encompassed within the scope of the risks that the statute was designed to protect against, and the violation must be a cause-in-fact of the accident. **Id.** citing **Armour v. Armour**, 541 So.2d 371 (La. App. 2d Cir.), writ denied, 546 So.2d 1217 (La. 1989).

Phillips testified he was driving down Dummyline Road in order to pick up goods for deliveries the following morning at 6:00 a.m. from Bracy's Nursery. Phillips further testified, after the collision, he continued on to Bracy's Nursery, slept there, and completed the pickup the following morning. Defendants do not dispute Bracy's Nursery was closed at the time of the incident. We find the parish ordinance does not include a temporal element within its exception for deliveries and pickups. Therefore, we further find plaintiffs failed to produce factual support sufficient to establish genuine issues of fact remain as to whether Phillips was a cause-in-fact of the accident. The cross-motion for summary judgment filed by defendants is granted and plaintiffs' claims against defendants, Dwayne Phillips, MDX Trucking, and Falls Lake National Insurance Company, are dismissed with prejudice.

CHH
BDE

Miller, J., concurs in the result.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT